Marks v. John Hancock Mut. Life Ins. Co., 201 Ill. App. 456.

JOSEPH G. SHELDON, for defendants in error.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

BROKERS, § 90*—*when evidence sufficient to show priority in procurement of purchaser by competing broker.* In an action for commissions for the sale of real estate, evidence *held* sufficient to warrant a finding that a written contract binding on the actual buyer had not been presented to the defendant by another broker before he received one from the plaintiffs binding on their customer and embodying the terms on which the defendant had verbally agreed to sell, and also that such customer was able, ready and willing to make the purchase on the defendant's terms.

---

Julius L. Marks, Defendant in Error, v. John Hancock Mutual Life Insurance Company, Plaintiff in Error.

Gen. No. 21,517.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. SHERIDAN E. FRY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Reversed with finding of fact. Opinion filed October 10, 1916.

## Statement of the Case.

Action by Julius L. Marks, plaintiff, against John Hancock Mutual Life Insurance Company, a corporation, defendant, to recover commissions as agent for the defendant in procuring the issuance of policies of insurance on his own life. To review a judgment for plaintiff, defendant prosecutes a writ of error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ADAMS, CREWS, BOBB & WESCOTT, for plaintiff in error; GEORGE B. McKIBBIN, of counsel.

PINES & NEWMANN, for defendant in error.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

INSURANCE, § 64*—*when evidence insufficient to show procurement of policies by agent or contract for payment of commissions.* In an action against an insurance company for commissions alleged to have been earned by the plaintiff in procuring policies of insurance to be issued on his own life, evidence *held* to show that the plaintiff had not procured the issuance of the policies and that he had no subsisting contract for the payment of such commissions at the time the policies were applied for.

---

## Paulina Kniat, Appellee, v. Lillian Tiedge, Appellant.

### Gen. No. 21,557.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. JOSEPH P. RAFFERTY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Affirmed. Opinion filed October 10, 1916.

### Statement of the Case.

Action by Paulina Kniat, plaintiff, against Lillian Tiedge, defendant, for money alleged to have been loaned by the plaintiff. To review a judgment for plaintiff, defendant appeals.

THOMAS E. SWANSON, for appellant.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.