WICHITA SOUTHERN LIFE INS. CO. v. DAVIS. (No. 1419.)

(Court of Civil Appeals of Texas. Amarillo. Nov. 20, 1918.)

INSURANCE ⊙⟶84(6)—LIFE POLICY—PROCURING CAUSE.

In suit for agent's commission on life policy alleged to have been procured through joint efforts of plaintiff and one who was vice president and general manager of defendant insurer, *held*, under evidence, that plaintiff was in no sense the procuring cause, and was not entitled to recover, conceding existence of custom that, where two or more agents were interested, commissions were to be divided.

Boyce, J., dissenting.

Error from Donley County Court; J. H. O'Neal, Judge.

Action by G. C. Davis against the Wichita Southern Life Insurance Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

Carrigan & Britain, of Wichita Falls, and R. H. Beville, of Clarendon, for plaintiff in error.

H. B. White, of Clarendon, for defendant in error.

HALL, J. Defendant in error sued plaintiff in error to recover part of the commissions due defendant in error as agent upon a policy of insurance issued by plaintiff in error to one T. E. Bugbee. Defendant in error alleges in substance that he was appointed the agent of plaintiff in error by written contract; that, acting under such appointment, he had solicited Bugbee, who was contemplating taking a policy; that through the joint efforts of defendant in error and one Greenwood, the vice president and general manager of plaintiff in error company, the said Bugbee took a policy of $24,000 and paid the premium, amounting to $611.98; that the agent's commission on such policy was $489.58, one-half of which sum was due defendant in error as his part of the commissions. Defendant in error further alleged:

"That in addition to said contract and in connection therewith, where two of its agents, through their joint efforts, should be instrumental in procuring an application for a policy of insurance which might be acceptable to defendant, such agents should jointly and equally participate in the division of the commission upon such policy, this being the universal custom among life insurance companies, and in particular this defendant; that defendant at all times recognized such custom, ratifying and in all things agreeing to same as between its several agents, including your plaintiff."

The defendant set up the terms of the agency contract under which, and it seems to be conceded in argument, defendant in error would not be entitled to recover, and in his brief he rests his right to recover apparently upon the proof of the known custom to divide the commission between its agents, when two or more are interested in procuring a policy. Upon a trial before the court, there was a judgment for defendant in error in the sum of $151.66. Greenwood is not a party to the suit. The only evidence tending to prove the custom as alleged, and plaintiff in error's knowledge of it, was by the testimony of defendant in error, as follows:

"There was another special agreement between the company and I, but it is not in the contract. There was an agreement as to the division of the commissions. * * * When two agents are interested in a policy, the commissions are split fifty-fifty."

If we should admit that the custom had been sufficiently pleaded and proven by the evidence, the testimony of defendant in error alone would defeat his right to recover, because he shows that he was in no sense the procuring cause. From his testimony it appears that Greenwood did not act in connection with him, and the result of his efforts, when acting alone, or in connection with one Hall, another agent, is stated by him as follows:

"I talked to Bugbee several times about a policy. He would not sign the application. * * * I talked to Bugbee in his barn lot one evening. I never did write him any life insurance, as he said he had all the life insurance he wanted. He just passed it off by saying he did not need any more life insurance. Hall and I saw Bugbee also, and Bugbee said at that time that he did not need any more insurance at all, and would not take any. Hall and I talked with him two or three days before Greenwood came. I went there several times to see him, but Bugbee never would give me his application. * * * Bugbee never said he would or would not take out a policy—just said he was not ready. The claim I had on the commission was: I had been using my car, and burning oil and gas, and my time in trying to write this insurance."

It appears that Bugbee died shortly after the issuance of the policy, and there is no further evidence in the record bearing upon the issue of defendant in error's right to any part of the commission on the ground that he was the procuring cause. There are no findings of fact in the record.

The evidence shows clearly that defendant in error was not entitled to recover anything, and the judgment is reversed and remanded.

BOYCE, J., dissents.

⊙⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes