BEERS *v.* PENN MUTUAL LIFE INSURANCE CO.

1. BROKERS—INSURANCE—RIGHTS OF AGENT GOVERNED BY CONTRACT.
    Right of insurance agent to commissions on premiums due and
    to grow due on conversion of term life insurance policies to
    ordinary life policies is governed by his contract with com-
    pany.

2. PRINCIPAL AND AGENT—LOYALTY OF AGENT ESSENTIAL.
    Agency is primarily relationship of trust and confidence; agent
    represents principal, and loyalty to principal—duty of full
    disclosure—is essential.

3. SAME—AGENT MAY NOT ACT WHERE HIS INTEREST OPPOSED.
    Agent may not. legally act for principal where his interest is
    opposed to that of principal.

4. BROKERS—INSURANCE—RIGHT OF AGENT TO RECOVER COMMIS-
    SIONS.
    In order for insurance agent to recover commissions on premiums
    due and to grow due on conversion of term life insurance
    policies to ordinary life policies, he must have been procuring
    cause of conversion of said policies.

5. SAME—TRIAL—PRINCIPAL AND AGENT—DISCLOSURE.
    Whether plaintiff, who had been general agent of defendant
    insurance company, but resigned and received new contract
    entitling him to commissions only on business personally
    solicited by him, was entitled to commissions on premiums
    on conversion of certain life term policies to ordinary policies,
    *held,* properly submitted to jury, where it appears that he
    first learned of possibility of conversion of said policies
    through letter addressed to him as defendant's general agent,
    at correct office address, but by mistake delivered to plaintiff
    personally at his office, and which he did not deliver to de-
    fendant, nor disclose to insured facts of changed relationship.

Appeal from Kent; Brown (William B.), J. Sub-
mitted June 21, 1933. (Docket No. 110, Calendar
No. 37,307.) Decided August 29, 1933.

Assumpsit by Elmer R. Beers against Penn Mutual Life Insurance Company, a Pennsylvania corporation, for commissions alleged to be due. Verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Clare J. Hall,* for plaintiff.

*Butterfield, Keeney & Amberg* and *Harry Shulsky,* for defendant.

Potter, J.    Plaintiff sued defendant to recover commissions claimed to have been earned by him on premiums due and to grow due upon the conversion of term life insurance policies in defendant to ordinary life policies by Guy P. Wilson of Kalamazoo, the insured.    From a judgment for defendant, plaintiff appeals.

Guy P. Wilson of Kalamazoo had term life insurance in the aggregate of $35,000 with the defendant company.    Plaintiff had been its general agent in Grand Rapids.    He had been superseded there as general agent by Mr. Buckner, had moved out of defendant's office, and was maintaining offices of his own on another floor of the same building in which defendant had its offices.    Wilson had written the term insurance with one Fleugel, defendant's agent at Kalamazoo.    January 6, 1932, Fleugel wrote Wilson, who was then in Florida, in relation to the conversion of these Penn Mutual policies which would lapse March 23d.    Wilson got in touch with his personal representative at Kalamazoo, Mr. George W. Tuck.    Tuck examined the policies, and learned from the sticker indorsements thereon plaintiff was, at the time of their issuance, defendant's general agent at defendant's Grand Rapids address.

The letter, though addressed to plaintiff as general agent at defendant's address, was delivered to plaintiff personally at his own address. After a controversy had arisen, defendant asked plaintiff for copies of the Tuck correspondence. Plaintiff furnished what purported to be a copy of Tuck's letter to defendant, addressed to Elmer R. Beers, Grand Rapids National Bank Building, Grand Rapids, Michigan. Although Tuck's letter was addressed to Beers as general agent at 818 Grand Rapids National Bank Building, which was defendant's address, plaintiff did not answer this letter. He visited Tuck at Kalamazoo. He did not disclose he had nothing to do with writing the original policies, was not the agent who procured them, was not defendant's general agent, did not communicate with defendant's general agent at Grand Rapids the contents of Tuck's letter; did not deliver such letter to defendant's general agent at defendant's address and did not disclose to Tuck his change of address. Most of the material facts in the case were disputed. These disputes were resolved by the jury in defendant's favor. The questions presented by appeal are whether, under the written contract between the parties, the question of who initiated the conversion of the Wilson policies was controlling, and was plaintiff guilty of interference with another agent of defendant so as to violate his contract? Appellee contends that the questions involved are whether plaintiff was the procuring cause of the converted insurance, whether he was guilty of interference within the meaning of the contract, and was plaintiff guilty of disloyalty toward defendant? No error is assigned upon the lack of testimony to carry the case to the jury or upon the admission or rejection of testimony. The sole question involved is whether

there was error of law in the charge of the trial court in submitting the case to the jury. Plaintiff's rights are governed by his contract. *Morehead* v. *Reem,* 254 Mich. 351. Plaintiff's contract provides:

"Beers agrees that he will submit no business to company other than that which is personally solicited by him."

In his letter to defendant's president March 26, 1932, he says, in relation to the Wilson policies:

"I was called into the matter by means of a letter of February 18, 1932, copy of which is attached, and which was entirely unsolicited."

The copy "attached" was a pretended copy of Tuck's letter in relation to renewal or conversion of Wilson's policies. It omitted from the address, "general agent," omitted the room number of defendant's office, and said "Please have your representative call," etc. It showed on its face it was intended for defendant's general agent, who employed representatives, and not for plaintiff, who was not defendant's general agent, not at 818 Grand Rapids National Bank Building, and who did not employ representatives. In *National Life Ins. Co. of U. S. of A.* v. *National Life Ins. Co.,* 209 U. S. 317 (28 Sup. Ct. 541), the court quoted paragraph 4 of § 645 of the postal laws and regulations, that:

"Where disputes arise between individuals, firms, or corporations as to the use of a name or designation, matter addressed to a street, number, or building, should be delivered according to such address."

Tuck's letter was not only delivered by the United States postal authorities to plaintiff in violation of the postal regulations of the United States, but it

was received by him, and he knew it was intended for defendant's general agent, whose room was plainly designated by number in the address.

Agency is primarily a relationship of trust and confidence. The agent represents the principal. Loyalty to the principal, the duty of full disclosure, is essential. The agent may not legally act for the principal where his interests are opposed to those of the principal. He cannot act in his own interest, is forbidden to act at all, where his interest is opposed to that of his principal. Plaintiff must have been the procuring cause of the conversion of the Wilson policies. 2 Mechem on Agency (2d Ed.), § 2435, and cases cited; *Marks* v. *John Hancock Mutual Life Ins. Co.*, 201 Ill. App. 456; *Leviness* v. *Kaplan*, 99 Md. 683 (59 Atl. 127); *Esterly-Hoppin Co.* v. *Burns*, 135 Minn. 1 (159 N. W. 1069); *Wichita Southern Life Ins. Co.* v. *Davis* (Tex. Civ. App.), 206 S. W. 728.

Plaintiff procured, under the circumstances disclosed, through Tuck, Wilson's signature for the application of the conversion of the policies. These applications were found to be defective and were rejected. Fleugel obtained the applications of Wilson on different forms, obtained payment from Wilson, submitted the payment to defendant, obtained releases from the bank at Kalamazoo, and obtained the necessary affidavits of the change of name of the Kalamazoo bank. We find no error in the manner in which the trial court submitted the disputed questions to the jury, whose findings are conclusive upon the facts as submitted.

Judgment of the trial court affirmed, with costs.

McDONALD, C. J., and CLARK, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.